UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:19-cv-153 |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA BARTHELEMY ST. ANN and | ) | |
| JJSM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, for its complaint against the defendants, Jessica

Barthelemy St. Ann and JJSM, Inc., alleges as follows:

## NATURE OF ACTION

1.       The United States brings this civil action to permanently enjoin Jessica

Barthelemy St. Ann ("St. Ann") and JJSM, Inc. (collectively, "Defendants") from:

(a)       Preparing, assisting in the preparation of, or directing the preparation of

federal tax returns, amended returns, or other tax-related documents and forms, including any

electronically submitted tax returns or tax-related documents, for any entity or person other than

themselves;

(b)       Owning, managing, controlling, working for, profiting from, or

volunteering for any business or entity engaged in tax return preparation;

(c)       Engaging in activity subject to penalty under 26 U.S.C. §§ 6694 and 6701;

and

(d)      Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## JURISDICTION AND VENUE

2.      This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States in accordance with 26 U.S.C. §§ 7407 and 7408.

3.      This Court has jurisdiction over this action pursuant 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4.      Venue is proper in this Court pursuant to 26 U.S.C. §§ 7407(a) and 7408(a) and 28 U.S.C. § 1391 because Defendants prepare tax returns within this judicial district and a substantial part of the events giving rise to this claim occurred within this judicial district.

## DEFENDANTS

5.      St. Ann's first exposure to tax return preparation was in 1992 when she took a job with "Janet Morel Accounting" as a bookkeeper and a tax return preparer.   Janet Morel provided St. Ann with on the job training and gave St. Ann a certificate, dated 1992, stating that St. Ann had completed a "Data Base Input and Tax Preparation Training" class.   When St. Ann started working at Morel's office, it was located in Buras, Louisiana.

6.      St. Ann purchased Morel's business in 1999 and subsequently formed JJSM, Inc. Records from the Louisiana Secretary of State show that JJSM first registered with the state on March 21, 2000, and that it is an active business corporation in good standing.   St. Ann originally went into business with Janice Moody, who was to do the bookkeeping while St. Ann

did the tax return preparation.   The name of the business is a combination of their initials.

Moody is no longer associated with the business, but St. Ann has retained the JJSM name.

7.      St. Ann performs all professional services at JJSM herself.   The majority of the

business is the seasonal preparation of Form 1040 federal income tax returns, although St. Ann

also prepares other types of returns, such as Forms 1065, 1120 and 1120S, and provides general

bookkeeping services to about six clients.   St. Ann has no workers who assist in the return

preparation or bookkeeping, even on a seasonal basis.   During tax season, St. Ann relies on her

family and temporary workers to help her answer the telephone, make appointments and perform

other clerical duties.

8.      JJSM has only one business location at a time, but the business's address has

changed over the years.   It is currently located in Belle Chasse, Louisiana.

9.      St. Ann has never held any professional or business licenses.   She also never has

possessed any professional designations, such as enrolled agent, and she is not a registered return

preparer with the IRS.   Before becoming involved in preparing tax returns, St. Ann worked in

the food service industry as a server in a restaurant, a convenience store deli worker and a

cook/cashier at a fried chicken fast food business.

10.      As a paid federal tax return preparer, St. Ann obtained from the IRS and used a

Preparer Tax Identification Number ("PTIN") of PXXXX9298.

11.      JJSM obtained from the IRS and used an Electronic Filing Identification Number

("EFIN") of XX5487.

## DEFENDANTS' ACTIVITIES

12.     Defendants prepare hundreds of federal income tax returns each filing season. For instance, from 2012 through 2016 (coinciding primarily with tax years 2011 through 2015), Defendants prepared between 681 and 724 individual tax returns each year.   St. Ann prepared approximately 500 returns in 2017 and approximately 330 returns in 2018.   As described more fully below, St. Ann knowingly takes unreasonable positions on returns she prepares that result in understatements of the tax her customers owe and/or overstatements of the refunds to which they are entitled to receive.   To protect the identities of individual customers, the complaint refers to each customer by number, *e.g.*, Customer 1, etc.   A Customer Key, which identifies each customer by name and social security number, will be served with the summons and complaint.

13.     In 2013, the IRS proposed two $5,000 penalties against St. Ann under 26 U.S.C. § 6694(b) for tax years 2011 and 2012.   Section 6694(b) penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct.   The IRS had determined that St. Ann had claimed erroneous car and truck expenses on returns she prepared for customers.  St. Ann appealed administratively and ultimately was assessed one $5,000 penalty.

14.     In 2014, the IRS initiated a Program Action Case ("PAC") audit of Defendants for returns they had prepared for tax years 2012 and 2013.   The PAC is a process used by the IRS to identify problematic return preparers by auditing some of the returns they prepare for others.   The results are analyzed to determine if substantial errors

4

exist on the returns and the reasons for the errors.   As part of the PAC, the IRS audited 40

returns prepared by St. Ann.

15.      St. Ann's conduct in preparing returns is attributable to JJSM, which can only

act through its officer.   Both St. Ann and JJSM are "tax return preparers" as defined by 26

U.S.C. § 7701(a)(36).

16.      The IRS found during the PAC audits that despite the $5,000 penalty, St. Ann

continued to claim erroneous car and truck expenses on customer returns, and made other

significant errors on returns she prepared.

17.      For example, the IRS disallowed car and truck expenses that St. Ann had

reported on Schedule C (Profit or Loss from Business) for a customer who operated a

shrimping business (Customer 1).   Schedule C is used to report income and expenses from a

business.   Falsely reducing income and/or claiming false expenses on Schedule C can reduce

a customer's adjusted gross income and therefore their tax liability.   Although Customer 1

produced a mileage log to try to support the claimed expenses during the audit of his 2012

return, St. Ann had fabricated the mileage log after Customer 1 informed her of the

upcoming examination.   By fabricating both the expenses, and the evidence purporting to

document the expenses she claimed on Customer 1's return, St. Ann intentionally and

improperly understated the tax that Customer 1 actually owed.

18.      In addition to claiming fictitious expenses, St. Ann improperly characterized

income of $42,937 from the BP Oil Spill as "other income" on Customer 1's 2012 return.

That income should have been reported on Customer 1's Schedule C (Profit or Loss from

Business) as gross receipts from his shrimping business.   By characterizing Customer 1's

3775202.1

self-employment income as "other income," St. Ann improperly reduced the self-employment tax he was otherwise required to report.

19.     As part of the PAC audit, the IRS disallowed car and truck expenses that St. Ann had reported on Schedule C for married taxpayers who filed joint returns (Customer 2).   Customer 2 gave St. Ann a written list of the expenses related to their shrimping business, but at no time did they provide mileage figures.   St. Ann simply fabricated those numbers on the 2012 and 2013 returns, claimed expenses she knew were false, and improperly understated the tax Customer 2 reported on their return.

20.     St. Ann reported inflated business-related repair, insurance and other expenses on the joint returns she prepared for Customer 3, whose 2012 and 2013 returns were audited as part of the PAC.   While St. Ann reported $48,975 in repair expenses for 2012 and $52,445 in repair expenses for 2013 related to Customer 3's fishing business, those figures (as well as expenses for insurance and other miscellaneous expenses) greatly exceeded the actual expenses reflected by Customer 3's documentation.   St. Ann advised Customer 3 that they would have owed the IRS additional taxes if she did not inflate the business expenses she reported.   By fabricating and overstating Customer 3's business expenses, St. Ann improperly reduced their taxable income and the tax those taxpayers reported.

21.     St. Ann continued to prepare improper returns following the periods covered by the PAC audit.   St. Ann repeatedly prepared Schedules C showing "business" losses from activities that St. Ann's customers engaged in purely as hobbies.   For example, for tax year 2015 St. Ann reported expenses on Customer 4's Schedule C related solely to his hobby of hunting and fishing.   Customer 4 did not own or operate a hunting and fishing business, and

advised St. Ann that he engaged in those activities as a hobby.   Nevertheless, St. Ann

reported expenses of $12,819 on the Schedule C, but no gross receipts or sales from the

alleged "business."   By falsely claiming expenses from a hobby as business expenditures,

St. Ann fabricated a tax loss that improperly reduced Customer 4's taxable income and the

tax shown due on his return.

22.     St. Ann used the same scheme on returns she prepared for Customer 5 and

Customer 6 for 2015.   St. Ann specifically identified hunting and fishing as a "Hobby" on

the Schedule C prepared for Customer 5, and reported no income from the hobby but nearly

$2,000 in phony business expenditures to produce a fictitious loss that reduced his taxable

income.   St. Ann prepared a joint return for Customer 6 that included a Schedule C for each

spouse that reported a phony business loss for both the husband (by claiming expenses

related to a fishing and camping "business") and wife (by claiming as expenses amounts she

paid to pursue her knitting hobby).

23.     St. Ann also improperly reported personal expenses as deductions on

Schedule A.   On Customer 6's 2015 return, St. Ann reported unreimbursed employee

business expenses of $9,683 for mileage and $1,230 for meals.   But Customer 6's "travel"

for work was related to his commute to and from his usual worksite, so those "expenses"

were non-deductible personal expenses.   St. Ann reported those amounts on Customer 6's

return knowing that Customer 6 was not entitled to claim them.

24.     St. Ann also has fabricated mortgage interest and claimed it as a business

expense on customers' Schedule C.   St. Ann reported $43,000 of mortgage interest on

Schedule C of the 2017 joint return of married taxpayers (Customer 7).   Customer 7 did not

incur those expenses and did not tell St. Ann that they did.   By claiming mortgage interest

that St. Ann knew Customer 7 did not incur, St. Ann knowingly and improperly reduced the

taxpayers' taxable income.   Also, reporting a fictitious mortgage interest expense on

Schedule C can give a taxpayer an additional tax advantage because it is claimed "above" the

adjusted gross income line on the return.   Schedule C expenses taken above that line reduce

adjusted gross income, and thus taxable income, dollar-for-dollar, whereas itemized

deductions taken "below" the line on Schedule A, where mortgage interest should be

reported, may be limited if the total amount of itemized deductions exceeds the taxpayer's

adjusted gross income.

<u>HARM TO THE UNITED STATES</u>

25.     Defendants' pattern of preparing returns that understate their customers' taxes

and/or overstate their refunds, through the schemes described above, has resulted in the loss

of significant federal tax revenue.

26.     In many instances, Defendants' understatement of their customers' liabilities

and their other fraudulent practices caused the United States to issue refunds that the

customers were not entitled to receive.

27.     Counting just the 40 returns for tax years 2012 and 2013 that were audited as

part of the PAC (described above in paragraph 14), the IRS found that Defendants

understated their customers' tax liabilities by $341,258 in the aggregate.   Given the number

of returns that Defendants have prepared that have not been audited, the harm to the public

fisc likely is far greater.   In addition, the United States has had to bear the substantial cost of

examining returns Defendants have prepared and collecting the understated liabilities from their customers.

28.     In addition to the direct harm caused by preparing tax returns that fraudulently understate their customers' tax liabilities and/or overstate their refunds, Defendants' activities encourage noncompliance by their customers with the internal revenue laws by falsely leading them to believe that certain items, like amounts spent on hobbies and personal travel, are allowed to be deducted as business expenses.

OTHER HARM

29.     In addition to the harm to the United States, Defendants' conduct harms their customers, who are responsible for the deficiencies and, potentially, interest and penalties that result when Defendants fraudulently understate their customers' tax liabilities and/or overstate their refunds.

30.     Defendants' conduct also causes intangible harm to honest tax return preparers by luring customers who hear that they may incur smaller tax liabilities and/or obtain larger refunds by using Defendants' tax preparation services.

COUNT I:   INJUNCTION UNDER 26 U.S.C. § 7407 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6694

31.     The United States incorporates by reference the allegations in paragraphs 1 through 30.

32.     Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a person who is a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer.   The prohibited conduct justifying an injunction includes, *inter alia*, the following:

9

(a)     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position that the preparer knew or should have known was unreasonable;

(b)     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct;

(c)     Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

33.     In order for a court to issue such an injunction, the court must find that:

(a)     The tax return preparer engaged in the prohibited conduct; and

(b)     Injunctive relief is appropriate to prevent the recurrence of such conduct.

34.     If a return preparer's conduct is continual or repeated and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws, the court may permanently enjoin the person from acting as a tax return preparer.   *See* 26 U.S.C. § 7407(b).

35.     Defendants have continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns that understate the customers' tax liabilities and overstate their refunds.   As described above, Defendants have prepared returns that claim business expenses that were not incurred by the taxpayers and are not allowable as business expenses.   Defendants have done so with the knowledge that the

10

positions they took on the returns were unreasonable and lacked substantial authority.

Defendants have thus engaged in conduct subject to penalty under 26 U.S.C. § 6694(a).

36.     Additionally, Defendants have engaged in conduct subject to penalty under

26 U.S.C. § 6694(b) by willfully understating customers' liabilities and acting with a reckless

and intentional disregard of rules and regulations.

37.     Defendants' conduct substantially interferes with the administration of the

internal revenue laws.   Injunctive relief is necessary to prevent this misconduct because,

absent an injunction, Defendants are likely to continue preparing false federal tax returns.

38.     A narrower injunction would be insufficient to prevent Defendants'

interference with the administration of the internal revenue laws.   Defendants prepare

returns understating the customers' liabilities through multiple schemes that report false

information on their customers' tax returns.   In addition, the IRS may not yet have identified

all of the schemes used by Defendants to understate liabilities.   Failure to permanently

enjoin Defendants will require the IRS to spend additional resources to uncover all of their

future schemes.   The harm resulting from these schemes includes both the expenditure of

these resources and the revenue loss caused by the improper figures Defendants claim on

returns they prepare.   Accordingly, only a permanent injunction is sufficient to prevent

future harm.   Each Defendant should be enjoined from acting as a tax return preparer.

<u>COUNT II:   INJUNCTION UNDER 26 U.S.C. § 7408 FOR CONDUCT SUBJECT
TO PENALTY UNDER 26 U.S.C. § 6701</u>

39.     The United States incorporates by reference the allegations contained in

paragraphs 1 through 38.

3775202.1

40.     Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701, which penalizes a person who aids or assists in the preparation of tax returns that the person knows will result in an understatement of tax liability.

41.     Defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6701 by preparing tax returns that claim deductions and/or expenses that they knew to be improper, false and/or inflated.

42.     Defendants' repeated actions fall within 26 U.S.C. § 7408, and injunctive relief is appropriate to prevent recurrence of this conduct.

<u>COUNT III:   INJUNCTION UNDER 26 U.S.C. § 7402 FOR UNLAWFUL INTERFERENCE WITH THE ENFORCEMENT OF INTERNAL REVENUE LAWS</u>

43.     The United States incorporates by reference the allegations contained in paragraphs 1 through 42.

44.     Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

45.     Defendants have repeatedly and continually engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

46.     If Defendants continue to act as tax return preparers, their conduct will result in irreparable harm to the United States, and the United States has no adequate remedy at law.

3775202.1

47.     Defendants' conduct has caused and will continue to cause substantial tax losses to the United States Treasury, much of which may be undiscovered and unrecoverable. Moreover, unless Defendants are enjoined from preparing returns, the IRS will have to devote substantial and unrecoverable time and resources auditing their customers individually to detect understated liabilities and overstated refund claims.

48.     The detection and audit of erroneous tax deductions and other claims made on returns prepared by Defendants would be a significant burden on IRS resources.

WHEREFORE, the United States prays for the following relief:

A.      That the Court find that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6694 and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B.      That the Court find that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C.      That the Court find that Defendants have repeatedly and continually engaged in conduct that substantially interferes with the proper enforcement and administration of the internal revenue laws and that injunctive relief is appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of that conduct;

D.      That the Court enter a permanent injunction prohibiting Defendants and any other persons working in concert or participation with them from directly or indirectly:

(1)     Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents and forms, including any

electronically submitted tax returns or tax-related documents, for any entity or person other than themselves;

(2)     Owning, managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

(3)     Engaging in activity subject to penalty under 26 U.S.C. § 6694 and 6701; and

(4)     Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E.     That the Court enter an injunction requiring Defendants, at their own expense:

(1)     To send by certified mail, return receipt requested, a copy of the final injunction entered against Defendants in this action, as well as a copy of the Complaint setting forth the allegations as to how Defendants fraudulently prepared federal tax returns, to each person for whom Defendants prepared federal tax returns or any other federal tax forms after January 1, 2013, within 30 days of entry of the final injunction in this action;

(2)     To surrender to the Secretary of the Treasury or his delegate any and all PTINs held by, assigned to, or used by St. Ann pursuant to 26 U.S.C. § 6109, and any and all EFINs held by, assigned to, or used by Defendants, within 30 days of entry of the final injunction in this action;

(3)     To prominently post a copy of the injunction on Defendants' website and in Defendants' place of business where they prepared tax returns, within 10 days of entry of the final injunction in this action;

(4)     To deliver a copy of the injunction to any employees, contractors and vendors of Defendants, within 30 days of entry of the final injunction in this action;

(5)     To file a sworn statement with the Court evidencing Defendants' compliance with the foregoing directives within 45 days of entry of the final injunction in this action; and

(6)     To keep records of Defendants' compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph F, below;

F.     That the Court enter an order allowing the United States to monitor Defendants' compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

G.     That the Court grant the United States such other and further relief as the Court deems appropriate.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Laura M. Conner
Laura M. Conner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.   20044
202-514-6438
laura.m.mconner@usdoj.gov
          or:
555 4th Street, N.W., Room 6106
Washington, D.C.   20001

Of Counsel:
PETER G. STRASSER
United States Attorney

15

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Jessica Barthelemy St. Ann and JJSM, Inc. |

| **(b)**   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant   Plaquemines |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Laura M. Conner, Trial Attorney, Tax Division, U.S. Dept. of Justice P.O. Box 14198, Washington, DC  20044 202-514-6438 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
         Plaintiff

☐ 2   U.S. Government
         Defendant

☐ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | | **FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7407, 7408, 7402(a)

Brief description of cause:
Suit to enjoin tax return preparer

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ 0.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☐ Yes    ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/09/2019 | s/ Laura M. Conner |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Jessican Barthelemy St. Ann and JJSM, Inc. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Jessica Barthelemy St. Ann
157 Naomi Drive
Belle Chase, Louisiana  70037

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Laura M. Conner
Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 14198
Washington, DC  20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| United States of America <br><br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Jessican Barthelemy St. Ann and JJSM, Inc. <br><br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. _____ |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JJSM, Inc.
through its registered agenet:
Jessica Barthelemy St. Ann
157 Naomi Drive
Belle Chase, Louisiana  70037

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Laura M. Conner
Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 14198
Washington, DC  20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: